# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DANIEL R. McBRIDE and**
**DAVID L. MILLER,**
                        **Plaintiffs,**

              **v.**                                        **Case No. 05-C-1058**

**MATTHEW J. FRANK, PHILLIP KINGSTON,**
**STEVEN SCHUELER, and JOHN DOES 1-100,**
                        **Defendants.**

---

## DECISION AND ORDER

Plaintiffs Daniel R. McBride and David L. Miller filed this joint pro se civil rights action pursuant to 42 U.S.C. § 1983 and are proceeding in forma pauperis. Currently before me is plaintiffs' request to file an amended complaint.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiffs were granted leave to proceed in forma pauperis on June 15, 2006. On that date, plaintiffs were also directed to file an amended complaint curing the deficiencies in the original complaint. Specifically, I advised plaintiffs that the amended complaint must: (1) identify the relevant defendants for each allegation; (2) cite specific examples of injury that each plaintiff experienced; and (3) omit all references to a class action.

While the amended complaint has omitted all references to a class action and identified the relevant defendants involved in each allegation of wrongdoing, it is still

2

deficient. In particular, the amended complaint was filed on behalf of Dwayne D. Johnson, Daniel R. McBride and David L. Miller. (See Amend. Compl. at 1). Johnson, however, was dismissed from this action, per his request, on June 15, 2006.

Moreover, the amended complaint appears to almost entirely (if not entirely) concern former plaintiff Johnson. For example, in paragraphs 1 to 14 of the amended complaint, which is approximately twenty paragraphs in length, Johnson complains that he was denied religious texts, meals and medications. (Amend. Compl. at 1-4). Similarly, paragraphs 16 to 19 allege that Johnson was denied meals and medication and that his administrative grievance was dismissed. (Amend. Compl. at 8-9). Although paragraphs 15 and 20 appear to include plaintiffs McBride and Miller, they are not mentioned by name and the allegations appear to include former plaintiff Johnson. I have previously advised plaintiffs that they lack standing to challenge defendants' actions as they have affected other inmates, such as former plaintiff Johnson. See Shimer v. Washington, 100 F.3d 506, 508 (7th Cir. 1996)(stating that a plaintiff may only assert his own legal rights and not the legal rights of other inmates).

Finally, the amended complaint is only signed by plaintiff McBride. As pro se plaintiffs, McBride and Miler are required to sign every filing made in this case. See Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."); see also Boriboune v. Berge, 391 F.3d 852, 855 (7th Cir. 2004)("Rule 11 requires all unrepresented plaintiffs to sign the complaint...[.]").

In light of the foregoing, plaintiffs McBride and Miller may file a second amended complaint within 30 days that: (1) cites specific examples of injury that plaintiffs McBride and

Miller experienced; (2) is signed by both plaintiffs McBride and Miller; and (3) omits all references to former plaintiff Dwayne D. Johnson. Plaintiffs are hereby advised that they have until **April 26, 2007**, in which to file a second amended complaint. If plaintiffs fail to file their second amended complaint on or before April 7, 2007, this action may be dismissed pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed.R.Civ.P. 41(b).

Plaintiffs are also advised that the second amended complaint supercedes the prior complaints and the second amended complaint must be complete in itself without reference to the prior complaints. Accordingly, any matters not set forth in the second amended complaint are, in effect, withdrawn. See Duda v. Board of Ed. Of Franklin Park Public School District No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). Once filed, the second amended complaint will be screened pursuant to 28 U.S.C. § 1915A.


**CONCLUSION**

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that plaintiffs' request to file an amended complaint is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs may file a second amended complaint by April 26, 2007. Their failure to file a second amended complaint on or before **April 26, 2007**, may result in dismissal of this action pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed. R. Civ. P. 41(b).

4

Dated at Milwaukee, Wisconsin, this 26 day of March, 2007.


/s_____
LYNN ADELMAN
District Judge

5