# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL R. McBRIDE and
DAVID L. MILLER,
        Plaintiffs,

v.                                            Case No. 05-C-1058

MATTHEW J. FRANK, PHILLIP KINGSTON,
STEVEN SCHUELER, and JOHN DOES 1-100,
        Defendants.

## DECISION AND ORDER

Plaintiffs, Daniel R. McBride and David L. Miller, filed this joint pro se civil rights action under 42 U.S.C. § 1983. Before me are plaintiffs' motion to amend the complaint and motion to compel discovery.

## I. PRELIMINARY MATTERS

By decision and order dated October 15, 2007, plaintiff Miller was advised that on or before November 9, 2007, he should submit a letter indicating whether he wished to continue prosecuting this action along with a signature page certifying that he agreed with the allegations set forth in the amended complaint. At that time, plaintiff Miller was advised that failure to file a letter and signature page by this date could result in his dismissal from this action for failure to prosecute. See Civil L.R. 41.3 (E.D. Wis.) and Fed. R. Civ. P. 41(b). To date, plaintiff Miller has not filed a letter or signature page. Therefore, he will be dismissed from this action.

## II. MOTION TO AMEND

Plaintiff McBride seeks to amend the complaint to identify the John Doe defendants named in the original complaint. Courts may allow suits to proceed against a John Doe

defendant so that a plaintiff may use pretrial discovery to determine who was actually responsible for the alleged constitutional deprivation. See Billman v. Indiana Dep't of Corrs., 56 F.3d 785, 790 (7th Cir. 1995); see also Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 390 n.2 (1971). "When the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint." Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

In the present case, plaintiff was permitted to proceed on claims against defendants John Does 1 to 100. Since filing the complaint, plaintiff has identified 31 John Does.[1] However, plaintiff has not provided a copy of the proposed amended complaint as required under Civil L.R. 15.1(E.D. Wis) ("Any party submitting a motion to amend must attach to the motion the original of the proposed amended pleading."). Moreover, he has simply filed a list of the names of the thirty-one individuals he wants to substitute for John Does 1 to 100, which fails to show how each defendant was personally involved in the alleged wrongdoing. See Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (holding that "[s]ection 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). For these reasons, plaintiff's motion to amend the complaint will be denied

---

[1] Plaintiff has identified defendants as Officer L. Wolff, Beres, Dorton, Stariec, Eliot, Russell, Muller, Glamor, Gerson, Rodder, Beam, Psaig, Feucht, Reener, A. Larson, Cpt. O'Donovan, Cpt. Pulz, Gempeler, Capt. Wierer, Lt. Braemer, Lt. Garceti, Lt. Baler, Officer Egecor, Security Director Don Strahota, Social Worker Ms. Johnson, Chaplain Francis, Sgt. Brockhouse, Sgt. Truit, Sgt. Bristol and Linda O'Donovan.

2

without prejudice.

Plaintiff is advised that he may renew his motion if he can cure the deficiency in this motion by filing a proposed amended complaint showing how each defendant was personally involved in the alleged wrongdoing. Plaintiff is further advised that he may use discovery to collect information about any other unknown defendants. The deadline for conducting discovery will be set forth in a forthcoming scheduling order.

### III. MOTION TO COMPEL

Plaintiff McBride has asked that each defendant produce for inspection various documents. Although Rule 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." Civ. L.R. 37.1.

The motion before the court appears to be plaintiff's initial request for discovery. As he has not indicated that he made any such prior demand of defendants or engaged in the required personal consultation, court action would be premature. Thus, plaintiff's motion to compel will be denied.

3

## IV. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend the complaint (Docket #51) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (Docket #54) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff David L. Miller is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 23 day of May, 2008.

/s
LYNN ADELMAN
District Judge