UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL RAYMOND MCBRIDE,
    Plaintiff,

v.                                                                                  Case No. 05-C-1058

MATTHEW FRANK, STEVEN SCHUELER,
MICHAEL THURMER, and DOES 1-100,
    Defendants,

## ORDER

Plaintiff, Daniel R. McBride, filed this pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before me on several motions.

### I. MOTIONS FOR EXTENSIONS OF TIME

Plaintiff filed a motion on July 8, 2008, asking for a sixty day extension of time to file dispositive motions (Docket #63). Plaintiff filed another motion on August 29, 2008, seeking an additional thirty days to file dispositive motions (Docket #65). On September 4, 2008, the defendants filed a motion asking the court to extend the dispositive motion deadline until October 24, 2008 (Docket #66). I will grant all three motions and give both parties until October 24, 2008 to file dispositive motions.

### II. PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff filed a motion asking the court to appoint counsel to represent him in this case (Docket #59). Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir.2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir.1997) (citing Zarnes v. Rhodes,

64 F.3d 285, 288 (7th Cir.1995)).  As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own.  Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288.  Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does the plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993)).

The plaintiff has not met the threshold burden of showing a reasonable attempt to secure private counsel on his own.  In fact, plaintiff has not demonstrated that he has made any attempt to secure private counsel on his own.  I will therefore deny plaintiff's motion to appoint counsel without prejudice.

### III. PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY

Plaintiff filed a motion for an order compelling discovery (Docket #60).  However, the motion before the court appears to be the plaintiff's initial request for discovery.  Although Fed. R. Civ P. 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate.  The party seeking discovery must first direct his request to the opposing party.  If the opposing party fails to provide the materials, the party must then personally consult with the opposing party and attempt to resolve their differences sincerely.  Civ. L.R. 37.1 (E.D. Wis.).  If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a).  Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." Id.

2

As plaintiff has not indicated that he made a prior demand of the defendants or engaged in the required personal consultation, court action would be premature.

Additionally, I note that plaintiff has filed several sets of discovery requests with the court. In response to plaintiff's "Second Request for Production of Documents," defendants asserted they were unable to read the motion and, therefore, were unable to respond. I also find that I am unable to read much of what plaintiff has filed with the court. While I am cognizant of the limitations of pro se plaintiffs generally, and plaintiff has also advised me in his pleadings that he has problems with writing and spelling, documents filed with the court and served on opposing parties must be legible. Because defendants' failure to respond to discovery requests are at least in part due to the inability to read those requests, plaintiff must reproduce those requests in a legible manner and serve them on defendants before I will consider any motions to compel defendants to respond to them. I will allow plaintiff a brief extension of the discovery period for this purpose only. Plaintiff must serve the defendants with a legible version of the discovery requests no later than October 3, 2008. I note that the timing of any response to these discovery requests could make it difficult for either or both parties to comply with the October 24, 2008 dispositive motion deadline. If necessary, either party may request an additional extension of that motion deadline.

### IV. PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff filed a motion for leave to file an amended complaint (Docket #61). While leave to amend is to be "freely given when justice so requires," Fed. R. Civ. P. 15(a), "leave to amend is not automatically granted." Crest Hill Land Dev., LLC v. City of Joliet, 396 F.3d 801, 804 (7th Cir. 2005). The Civil Local Rules provide:

3

As plaintiff has not indicated that he made a prior demand of the defendants or engaged in the required personal consultation, court action would be premature.

Additionally, I note that plaintiff has filed several sets of discovery requests with the court. In response to plaintiff's "Second Request for Production of Documents," defendants asserted they were unable to read the motion and, therefore, were unable to respond. I also find that I am unable to read much of what plaintiff has filed with the court. While I am cognizant of the limitations of pro se plaintiffs generally, and plaintiff has also advised me in his pleadings that he has problems with writing and spelling, documents filed with the court and served on opposing parties must be legible. Because defendants' failure to respond to discovery requests are at least in part due to the inability to read those requests, plaintiff must reproduce those requests in a legible manner and serve them on defendants before I will consider any motions to compel defendants to respond to them. I will allow plaintiff a brief extension of the discovery period for this purpose only. Plaintiff must serve the defendants with a legible version of the discovery requests no later than October 3, 2008. I note that the timing of any response to these discovery requests could make it difficult for either or both parties to comply with the October 24, 2008 dispositive motion deadline. If necessary, either party may request an additional extension of that motion deadline.

### IV. PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff filed a motion for leave to file an amended complaint (Docket #61). While leave to amend is to be "freely given when justice so requires," Fed. R. Civ. P. 15(a), "leave to amend is not automatically granted." Crest Hill Land Dev., LLC v. City of Joliet, 396 F.3d 801, 804 (7th Cir. 2005). The Civil Local Rules provide:

> A motion to amend a pleading must specifically state in the motion what changes are sought by the proposed amendments. Any party submitting a motion to amend must attach to the motion the original of the proposed amended pleading. Any amendment to the pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleadings as amended, and may not incorporate any prior pleading by reference. If the motion to amend is granted, the clerk must then detach the amended pleading and file it when the order granting the motion to amend is filed.

Civil L.R. 15.1 (E.D. Wis.). Plaintiff's motion inadequately describes the changes sought by the proposed amendments, and there is no proposed amended complaint attached to plaintiff's motion. Plaintiff has not complied with the requirements of Civ. L.R. 15.1, and I will therefore deny his motion to amend his complaint.

## V. ADDITIONAL PLAINTIFFS

The court has received two motions for leave to file an amended complaint from individuals who are not parties to this action. The first such motion was filed by Rob Parson and incorrectly docketed at #67 as being filed by Daniel Raymond McBride. The second such motion was received on September 9, 2008 from Jason A. Jones. Neither of these motions was submitted or signed by plaintiff Daniel Raymond McBride. Nor does either of these motions comply with Civil L.R. 15.1 (E.D. Wis.). I will strike the first motion. The second motion has not been and will not be docketed in this case.[1]

Further, even if plaintiff attempted to add parties, it is too late to do so. This case has been pending since 2005. The scheduling order provides that all discovery was to be completed by August 22, 2008 and that dispositive motions were to be filed by September

---

[1] The second motion, as well as the applications to proceed without prepayment of fees and affidavit from Jason Jones and Rob Parsons, will be returned.

4

22, 2008.[2] To add additional plaintiffs at this time would require me to reopen discovery and significantly delay the dispositive motions; it would result in great prejudice to the defendants.

## VII. CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion to appoint counsel (Docket #59) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for an order compelling discovery (Docket #60) is **DENIED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that plaintiff shall serve legible versions of the unanswered discovery requests on defendant no later than **October 3, 2008.**

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint (Docket #61) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order to file summary judgment (Docket #63) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time (Docket #65) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion to amend the scheduling order (Docket #66) is **GRANTED**.

**IT IS ALSO ORDERED** that both parties shall file dispositive motions no later than **October 24, 2008**.

---

[2] The extension of the dispositive motion deadline to October 24, 2008 and the limited extension of the discovery period provided in this order do not impact my analysis regarding amendment of the pleadings to add new plaintiffs.

5

**IT IS FURTHER ORDERED** that the motion for leave to file an amended complaint (Docket #67) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall return all documents submitted by individuals who are not parties to this action or attorneys representing parties to this action.

Dated at Milwaukee, Wisconsin, this 17 day of September, 2008.

/s                            
LYNN ADELMAN
District Judge