# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

DANIEL RAYMOND McBRIDE,
        Plaintiff,

    v.                                       Case No. 05-C-1058

MATTHEW J FRANK, STEVEN SCHUELER,
MICHAEL THURMER, and DOES 1-100,
        Defendants.

---

## ORDER

Plaintiff, Daniel R. McBride, filed this pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before me now on plaintiff's motion for order, dated October 30, 2008 and filed November 10, 2008.

As an initial matter, I note that it is not entirely clear what relief plaintiff seeks. The motion and the supporting brief, entitled "Plaintiff Brief in Support of Summary of Judgment," which was not filed until December 10, 2008, are both largely illegible, and I am only able to make out portions of the text. Defendants indicated in a submission filed December 12, 2008, that they could not respond because they were unable to read significant portions of plaintiff's document.[1]

I have been able to decipher a request at the beginning of plaintiff's motion for an extension of his legal loan. It is possible that he sought such an extension in order to properly respond to defendants' motion for summary judgment or file his own. The Wisconsin Department of Corrections legal loan provision provides:

---

[1] I note that I cautioned plaintiff regarding illegible filings in an order dated September 17, 2008. I strongly encourage the plaintiff to type his submissions, if at all possible.

DOC 309.51 Funds for legal correspondence and copying. (1) Correspondence to courts, attorneys, parties in litigation, the inmate complaint review system under ch. DOC 310 or the parole board may not be denied due to lack of funds, except as limited in this subsection. Inmates without sufficient funds in their general account to pay for paper, photocopy work, or postage may receive a loan from the institution where they reside. No inmate may receive more than $200 annually under this subsection, except that any amount of the debt the inmate repays during the year may be advanced to the inmate again without counting against the $200 loan limit. The $200 loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents. The institution shall charge any amount advanced under this subsection to the inmate's general account for future repayment. An inmate may be permitted to retain in the inmate's general account an amount of money specified, in writing, by the bureau of adult institutions that is not subject to repayment of the loan.

Wis. Admin. Code DOC § 309.51(1). The plaintiff is responsible for managing his own legal loan. The Seventh Circuit has confirmed that the DOC legal loan statute "is not intended for the funding of prisoners' suits." Lindell v. McCallum, 352 F.3d 1107, 1111 (7th Cir. 2003). In Lindell, the court explained,

the loans authorized by the statute are not "funds which are disbursed or credited to an inmate's account to be used as he wishes" but rather "simultaneous credits and debits . . . for the sole purpose of enabling prisoners to purchase 'paper, photocopy work, or postage' on credit." And Lindell has "no constitutional entitlement to subsidy," Lewis v. Sullivan, 279 F.3d 526, 528 (7th Cir. 2002), to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund. Lucien v. DeTella, 141 F.3d 773, 774 (7th Cir. 1998). If he is able to convince Wisconsin to extend him more credit for his legal endeavors, in apparent violation of Wisconsin law, any debt arising from that extension of credit will be a matter strictly between him and Wisconsin, and not any business of the federal courts.

2

Lindell, 352 F.3d at 1111.  Based on the foregoing, to the extent that plaintiff's motion asks the court to order an extension of his legal loan, I will deny the motion.

If plaintiff intended his motion to be a motion for summary judgment, his motion does not comply with Fed. R. Civ. P. 56, or Civil L.R. 7.1, 56.1 or 56.2.[2]  Therefore, I will deny it.

I note that plaintiff has not filed a response to defendants' motion for summary judgment.  Such response would have been due November 24, 2008.  It is possible that plaintiff's motion and subsequently filed brief were intended to respond to defendants' motion for summary judgment.  Even if that is the case, I am again faced with the problem that plaintiff's submissions are unreadable.  They also fail to comply with the procedures set forth in Fed. R. Civ. P. 56 and Civil L.R. 7.1, 56.1 and 56.2.  Most importantly, plaintiff failed to respond to defendants' proposed findings of fact.

I will allow the plaintiff one final opportunity to respond to defendants' motion for summary judgment.  The response must be legible and must comply with the applicable Federal Rule of Civil Procedure and Civil Local Rules.  The response must be filed on or before **Monday, March 2, 2009**.  If plaintiff fails to file any response to defendant's motion by March 2, 2009, I may dismiss this action with prejudice, pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed R. Civ. P. 41(b).

**IT IS THEREFORE ORDERED** that plaintiff's motion for order (Docket #82) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **March 2, 2009** to respond to defendant's motion for summary judgment.

---

[2]  At the time plaintiff filed his motion, he did not include a brief or proposed findings of fact.  Although he later filed a brief, plaintiff still has not provided proposed findings of fact.

Dated at Milwaukee, Wisconsin, this 29 day of January, 2009.

/s_____
LYNN ADELMAN
District Judge