# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DANIEL RAYMOND McBRIDE,**

    **Plaintiff,**

    v.                                                                                         Case No. 05C1058

**MATTHEW J. FRANK, MICHAEL THURMER,**
**STEVEN SCHUELER, and JOHN DOES 1-100,**

    **Defendants.**

---

## DECISION AND ORDER

    Pro se plaintiff Daniel McBride filed this civil rights complaint under 42 U.S.C. § 1983. McBride is incarcerated at Waupun Correctional Institution (WCI). Defendant Michael Thurmer is the warden of that institution. Steven Schueler served as program captain at WCI from September 1999 to December 10, 2006. Matthew Frank served as Secretary of the Department of Corrections (DOC) from January 6, 2003 to August 31, 2007. John Doe 1 - John Doe 100 are individuals, most likely DOC employees, whom plaintiff has yet to identify.

    McBride claims abridgement of his rights under the First Amendment Free Exercise Clause due to denial of religious materials and texts in segregation. He also claims defendants violated his Eighth Amendment right to be free of cruel and unusual punishment because the permanently shining lights in the segregation unit damaged his eyes, WCI cells expose him to extreme temperatures, he is not permitted to exercise outdoors, he is not permitted to shower more than once per week and the shower is

unsanitary, and he is denied medical care because he does not have the funds to pay for it. He also claims inadequate access to a law library, thereby depriving him of his right to meaningful access to the courts. See Bounds v. Smith, 430 U.S. 817, 821 (1977).

## I. BACKGROUND

Inmates are housed in segregation units as part of disciplinary sentences. Inmates in segregation are kept in isolation from other inmates in small cells. Plaintiff spent most of his nearly five year incarceration at WCI in segregation.

The material facts are not in dispute. Exercise is offered in time periods of one hour, up to four hours weekly (provided that the inmate is not in Control, Observation, or Adjustment status, or has lost recreation privileges). WCI provides inmates with coats if they wish to use the unheated fenced area attached to the segregation building. Plaintiff personally lost fifty days of recreational privileges over five years due to discipline and Control, Observation, or Adjustment status.

WCI constantly illuminates segregation cells. Staff must check on inmates several times each night through a window in the cell door. In order to properly count inmates within the segregation cells, staff must be able to see some portion of the inmate's skin at all times. Thus lighting within the segregation cells comes from two sources, one general light controlled by inmates and one nightlight (9-watt, tube florescent light) that comes on automatically when the general light is off. The nightlight cannot be shut off by the inmate.

Plaintiff complains that the permanently shining lights damaged his eyes. According to defendants, he suffers from a detached retina. The lights in his segregation cell never turn off. WCI policy is to awaken inmates if they cover so much of their bodies, including

2

their eyes, that staff cannot see them.  Plaintiff claims both physical and mental damage from the constantly shining light.

## II. STANDARD OF REVIEW

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>  For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." <u>Id.</u>

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the non-moving party's case, the moving party may satisfy his initial burden simply by pointing out the absence of evidence. <u>Id.</u> at 325.  Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. <u>Id.</u> at 322-23.  Neither party may rest on mere allegations or denials in the pleadings, <u>Anderson</u>, 477 U.S. at 248, or upon conclusory statements in affidavits. <u>Palucki v. Sears, Roebuck & Co.</u>, 879 F.2d 1568, 1572 (7th Cir. 1989).

3

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record -- only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

### III.  ANALYSIS

To state a claim under § 1983, plaintiff must show (1) the violation of a right secured under the Constitution and laws of the United States and (2) the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Defendants deny that the conduct alleged constitutes a violation of plaintiff's rights under the First and Eighth Amendments. Additionally, defendants raise affirmative defenses such as failure to exhaust administrative remedies, collateral estoppel, and qualified immunity.

**A.    Exhaustion**

"No action shall be brought with respect to prison conditions under section 1983 of this title... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Complaints alleging improper medical treatment in a prison are complaints about "prison conditions" and subject to the exhaustion requirement. See Davis v. Streekstra, 227 F.3d 759, 761 (7th Cir.2000) (citing McCarthy v. Bronson, 500 U.S. 136 (1991)).

"To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

4

Wisconsin employs the Inmate Complaint Review System ("ICRS") under which inmate grievances concerning prison conditions are "expeditiously raised, investigated and decided." Wis. Adm. Code § DOC 310.01. The administrative exhaustion requirement is considered satisfied when the grievance has served its function of inviting prison administrators to take corrective action. See Riccardo v. Rausch, 375 F.3d 521, 524 (7th Cir.2004). This includes filing both "complaints and appeals in the place, and at the time, the prisons' administrative rules require." Pozo, 286 F.3d at 1025.

Defendants raise the affirmative defense of exhaustion, claiming that plaintiff has failed to exhaust his administrative remedies. Defendants concede that plaintiff filed three inmate complaints concerning inadequate access to the law library and showers but present evidence showing that he did not appeal the denial of those complaints or assert complaints concerning extreme temperatures or medical care.

Plaintiff's claims based on access to the law library, showering, extreme temperatures and medical care are barred by 42 U.S.C. § 1997e(a). Plaintiff failed to exhaust his administrative remedies. It does not matter that he filed inmate complaints because he did not appeal them.

**B.  Issue Preclusion**

Issue preclusion (collateral estoppel) prevents relitigation of a previously decided issue when (1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was represented in the prior action. Washington Group Int'l Inc. v. Bell, Boyd & Lloyd LLC, 383 F.3d 633, 636 (7th Cir. 2004).

5

Collateral estoppel bars plaintiff's First Amendment free exercise clause claim. Plaintiff litigated this issue in McBride v. Thurmer, 2007 WL 5414916 (W.D. Wis. Dec. 6, 2007). There, the court held that:

> [t]he undisputed facts indicate that defendants allowed plaintiff a reasonable opportunity to practice his Pagan religion. . . . Any limitation on the practice of plaintiff's religion while he was in segregation was rationally related to the legitimate penological interest of security. Plaintiff's First Amendment rights were not violated by the defendants.

Id. at *3. As this was the only issue in the case, determination was essential to the final judgment. Plaintiff was represented in the prior action. Therefore plaintiff may not re-litigate the same first amendment claim here.

**C.     Defendant Frank is Not Liable Under 42 U.S.C. § 1983**

Section 1983 does not provide for supervisory or respondeat superior liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir.1996). Even the indirect approval of a subordinate officer's actions does not establish liability, absent participation in the actual constitutional wrongdoing. Cygnar v. City of Chicago, 865 F.2d 827, 847 (7th Cir. 1989).

Plaintiff presents no evidence that defendant Frank participated in any constitutional wrongdoing. Defendants' proposed findings of facts, which plaintiff did not respond to, averred that "Frank had no personal involvement with regard to any act or decision relating to any of the allegations contained in the plaintiff's complaint." This uncontroverted testimony entitles Frank to summary judgment.

## D. Eighth Amendment Claims

Plaintiff raises two issues under the Eighth Amendment: that he receives inadequate of exercise and that the constant illumination in his cell is excessive. An Eighth Amendment claim has both objective and subjective components. To violate the objective component, "the deprivation alleged must be, objectively, 'sufficiently serious.' " Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir.1999) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently serious to form the basis of an Eighth Amendment violation. Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotes and citation omitted). The subjective component requires showing that defendants were "deliberately indifferent," or reckless in a criminal sense. Farmer, 511 U.S. at 839-40.

### 1. Lack of Exercise

Lack of exercise may be cruel and unusual punishment. French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985). Indeed, "exercise is now regarded in many quarters as an indispensable component of preventive medicine." Anderson v. Romero, 72 F.3d 518, 528 (7th Cir. 1995). However, short term denials of exercise may be inevitable in the prison context and are not so detrimental as to constitute a constitutional deprivation. Thomas v. Ramos, 130 F.3d 754, 764 (7th Cir.1997).

Plaintiff fails to demonstrate a sufficiently serious deprivation. Four hours of outdoor recreation a week for those in segregation is not a denial of the minimal civilized measure of life's necessities. Although the small amount of time outside the cell is spent in a somewhat larger cage adjoining the building, inmate placement in segregation is reviewed

7

every thirty days at a minimum, and inmates can eventually rejoin the general population and regain freedom of movement as plaintiff often did. Although plaintiff lost fifty days of recreational privileges, this was over the course of almost five years. Plaintiff was not subjected to cruel and unusual punishment.

### 2. Constant Illumination

An environment of constant illumination may violate the Eighth Amendment if it causes sleep deprivation or leads to other serious physical or mental health problems. Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) (24-hour illumination by fluorescent lights not dimmed at night); King v. Frank, 371 F. Supp.2d 977, 984 (W.D. Wis. 2005) (a condition of confinement such as constant illumination violates the Eighth Amendment if it denies the inmate "the civilized measure of life's necessities").

Plaintiff fails to demonstrate a sufficiently serious deprivation. The constant illumination is used for security checks, not to harass. Although plaintiff raises the specter of mental harm, he does not allege that he experienced any. Further, the only evidence in the record of physical harm is plaintiff's detached retina, which was not caused by the lighting. Although the detached retina may have increased plaintiff's sensitivity to the lights, he acquired medical treatment for it. Constant illumination from a nine watt fluorescent bulb does not objectively deny "the minimal civilized measure of life's necessities."

## IV. CONCLUSION

**For the foregoing reasons,**

8

**IT IS THEREFORE ORDERED** that defendants' motion for summary judgment (Docket # 73) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 21 day of August, 2009.

/s_____
LYNN ADELMAN
District Judge