# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL RAYMOND MCBRIDE,**

       Plaintiff,                                     Appeal No. 09-3226

     v.                                           Case No. 05-C-1058

**MATTHEW FRANK, STEVEN SCHUELER,
MICHAEL THURMER, and JOHN DOES 1-100,**

       Defendants,

## DECISION AND ORDER

      Plaintiff, Daniel Raymond McBride, a state prisoner at all relevant times, brought a civil action in this court under 42 U.S.C. § 1983, alleging that his civil rights were violated. On June 15, 2006, plaintiff was granted leave to proceed in forma pauperis. On August 21, 2009, I issued an order granting defendants' motion for summary judgment. On that same day judgment was entered dismissing the action. Plaintiff has filed a notice of appeal, and currently before me is plaintiff's request for leave to proceed in forma pauperis on appeal.

      In considering plaintiff's request to proceed in forma pauperis before the district court, I determined that plaintiff met the indigence requirement of 28 U.S.C. § 1915(a)(1) and that his claims were neither malicious nor frivolous. As a result, I do not find any indication that plaintiff's appeal is not taken in good faith. Thus, I will grant plaintiff's request to proceed in forma pauperis on appeal.

      Under the Prison Litigation Reform Act (PLRA), a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the

money to pay the $455.00 filing fee in advance for an appeal, he or she can request leave to proceed in forma pauperis. To proceed with an action or appeal in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. § 1915(b)(1).

Plaintiff has not filed a certified copy of his prison trust account statement and therefore the court is unable to calculate his initial partial filing fee. Plaintiff should submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. Failure to submit the trust account statement on or before **Friday, October 16, 2009**, will result in the dismissal of this appeal. See Newlin v. Helman, 123 F.3d 429, 434-35 (7th Cir.1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir.2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir.2000).

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to appeal in forma pauperis (Docket #95) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his

2

Case 2:05-cv-01058-LA    Filed 09/18/09    Page 2 of 3    Document 96

notice of appeal. Failure to submit the trust account statement on or before **Friday, October 16, 2009**, will result in the dismissal of this appeal.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin, this 18 day of September, 2009.

/s
LYNN ADELMAN
District Judge